UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

LOCAL 3436 and AUSTIN WARE, individually )
and on behalf of others similarly situated, )
                                                                          )
     Plaintiffs,                                            )
vs.                                                                   )
ILLINOIS DEPARTMENT OF CORRECTIONS )
and )
AMERICAN FEDERATION OF STATE, )
COUNTY AND MUNICIPAL EMPLOYEES )
COUNCIL 31 )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME the Plaintiffs, LOCAL 3436 and AUSTIN WARE, individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, ANDREOU & CASSON, LTD, and complain against the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES COUNCIL 31 ("AFSCME 31"), as follows:

1. Plaintiffs bring this hybrid § 301 claim against the ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES COUNCIL 31 ("AFSCME 31").

2. Plaintiffs are employees of Defendant IDOC and are dues-paying members of Defendant AFSCME 31.

3. Plaintiffs, individually and on behalf of those similarly situated, bring this action against IDOC for breaches of collectively bargained agreements pursuant to the Labor Management Relations Act, 29 USC 185 ("LMRA") resulting

1

from the illegal and overt acts of IDOC by itself and by its designated agent(s) in violation of 29 USC 157, 158(a)(3) and 187.

4. Plaintiffs, individually and on behalf of those similarly situated, bring this action against their labor union, AFSCME 31, pursuant to Section 301 of the LMRA (codified at 29 USC 185) for violations and breaches of its duty of fair representation by colluding with the employer to interfere with plaintiffs' exercising their rights, failing to adequately represent the plaintiffs in Union grievance procedures, and otherwise engaging in improper acts, including the improper use of Union dues for purposes other than the purposes intended.

## THE PARTIES

5. Plaintiff, Local 3436 is affiliated with AFSCME and AFSCME 31 and represents union employees of the Illinois Youth Center Chicago, Illinois Department of Corrections Parole, and Illinois Department of Juvenile Justice Aftercare.

6. Plaintiff, AUSTIN WARE, is an individual residing in the County of Cook and is a citizen and resident of Illinois.

7. The potential class members who are similarly situated to plaintiffs include all IDOC Parole employees who are dues paying AFSCME 31 members impacted by the illegal, improper, and collusive conduct of IDOC and AFSCME 31 in violation of the LMRA.

8. Defendant IDOC is an agency of State government in the State of Illinois.

9. Defendant AFSCME 31 is a labor organization as the term is defined by the NLRA, 29 USC 152(5), and plaintiffs' exclusive bargaining representative under the NLRA, 29 USC 159(a).

## CLASS ALLEGATIONS

10. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as follows: all past and current employees of defendant IDOC who are or were dues paying members of AFSCME 31 impacted by the illegal, improper, and collusive conduct of IDOC and AFSCME 31 in violation of the LMRA.

11. The members of the class are so numerous that joinder is impractical, if not impossible.

12. The members of the class can be identified easily through a review of the business records of IDOC and AFSCME 31.

13. There are common questions of fact and law affecting all class members that arise as a result of the allegations in this complaint.

14. The plaintiffs' claims are typical of all members of the class as they were members of AFSCME 31 and paid dues for the purpose of having AFSCME 31 represent them in good faith and they have been adversely impacted by the actions of IDOC and AFSCME 31 arising from the illegal and collusive conduct, and have been adversely impacted by the actions of IDOC and AFSCME 31.

15. Plaintiffs will fairly and adequately protect the interests of the proposed class as they are injured employees of IDOC and injured members of AFSCME 31.

16. A class action is a superior method of resolution to the other available methods for a fair, efficient, and just resolution of this controversy.

17. The expense and burden of individual litigation are impediments to class members' seeking relief for the wrongful conduct alleged.

18. This action is maintainable under Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of fact and law predominate over questions affecting only individual class members (individual questions focus almost exclusively on the amount of damages owed in the form of dues paid by the class members, and other compensation, including compensatory damages, punitive damages, and interest).

19. The amount in controversy with respect to each individual member of the class is relatively modest when compared to the costly prosecution of separate actions.

20. Plaintiffs have retained the undersigned counsel for these purposes, who are experienced in employment and class action litigation.

**JURISDICTION AND VENUE**

21. This action arises from plaintiffs' employment with IDOC, and membership with AFSCME 31.

22. Although employment numbers varied slightly over time, IDOC employs, and AFSCME 31 represents, tens of thousands of union workers.

23. This Court has personal jurisdiction over Defendants because the claims arise from the transaction of business, the negotiation of collectively bargained agreements, and other conduct between the defendants, all of which

4

occurred in this State.

24. This Court has subject matter jurisdiction pursuant to: 28 USC 1331 because the claims arise under the laws of the United States; 28 USC 1337(a) because the claims arise under an Act of Congress regulating commerce; and 29 USC 185 because the claims concern the violation of contracts and/or contract negotiations between an employer and labor organization.

25. To the extent the claims allege violations of state law, this Court has supplemental jurisdiction over state law claims pursuant to 28 USC 1367, because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

26. Venue is proper pursuant to 28 USC 1391 because both IDOC and AFSCME 31 have principal places of business in this judicial district and all of the events, omissions, or occurrences giving rise to the lawsuit took place in this district.

**FACTS APPLICABLE TO ALL COUNTS**

27. AFSCME is the largest union in the American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") and has approximately 1.3 million members nationwide.

28. There is a union constitution that governs the internal policies and procedures of AFSCME, its Councils, and Locals.

29. AFSCME Council 31 represents unionized state, county, and municipal employees in the State of Illinois and has approximately 75,000 members.

30. Local 3436 is affiliated with AFSCME and AFSCME 31 and represents union employees of the Illinois Youth Center Chicago, Illinois Department of Corrections Parole, and Illinois Department of Juvenile Justice Aftercare.

31. A collective bargaining agreement exists between the Department of Central Management of the State of Illinois and AFSCME Council 31. The collective bargaining agreement covers the Illinois Department of Corrections.

32. The collective bargaining agreement is negotiated approximately every three years. Upon information and belief, the latest collective bargaining agreement took force in 2015.

33. Article III, Section 1 of the collective bargaining agreement prohibits discrimination on the basis of race, sex, sexual orientation, creed, religion, color, marital or parental status, age, national origin, political affiliation and/or beliefs, nor shall the parties discriminate against any employee with a disability, or for other non-merit factors.

34. Article III, Section 2 of the collective bargaining agreement prohibits discrimination in the exercise of any rights granted by the Illinois Public Labor Relations Act, Illinois Revised Statutes, 5 ILCS 315/1 et seq. (P.A. 83-1012) or by this Agreement, or on account of membership or non- membership in, or lawful activities on behalf of the Union.

35. In or around January, 2016, Local 3436 held elections and a new executive board was elected.

36. Plaintiff, AUSTIN WARE and similarly situated Plaintiffs are all either on the new executive board or supported the election of the new executive board.

37. AFSCME 31 did not support the election of the new executive board.

38. After the new board was elected, IDOC began to target its members and supporters in violation of Section 1 and 2 of Article III of the collective bargaining agreement.

39. AUSTIN WARE and similarly situated Plaintiffs have been discriminated against by IDOC in violation of the collective bargaining agreement in that Plaintiffs have been targeted, harassed, and punished solely because they are members and/or supporters of the new executive board of Local 3436.

40. Beginning in 2018, AFSCME 31 combined with IDOC to cripple Local 3436 and disempower the Plaintiffs.

41. AFSCME 31 has acted contrary to Local 3436's and the Plaintiffs' interests by acting in bad faith and discriminating against the new executive board of Local 3436 and its supporters.

42. AFSCME 31 has combined with IDOC to discriminate against the Plaintiffs in violation of the union constitution and in opposition to Plaintiffs' interests.

43. The actions of AFSCME 31 constitute a failure to represent Local 3436 and the Plaintiffs' interests as union members.

44. All collective bargaining agreements, with letters, other agreements, and supporting documents are in the possession of IDOC and AFSCME 31.

45. Plaintiffs were unable to reasonably discover the collusion between IDOC and AFSCME 31, and AFSCME 31's breach of its duty of fair representation until March 2018 when AFSCME 31 combined with the IDOC to defeat Plaintiffs' claims of discrimination and violation of the collective bargaining agreement.

### COUNT I – VIOLATION OF THE LMRA BY IDOC

46. Plaintiffs incorporate and restate the preceding paragraphs as if set forth fully in Count I of their Complaint.

47. IDOC violated and continued to violate the collective bargaining agreement by discriminating against the Plaintiffs based on their union affiliation.

48. IDOC's conduct is unlawful under Section 158 the LMRA

49. IDOC, through the acts of its designated agents, who included officers, directors, senior managers, and executives, knowingly and intentionally discriminated against the Plaintiffs.

50. As a direct result of Defendant, Illinois Department of Corrections' discrimination Plaintiffs have suffered substantial and permanent damages.

WHEREFORE, plaintiffs, on behalf of themselves and others similarly situated, respectfully request that a money judgment be entered against defendants, jointly and severally, or by statutory apportionment, for an amount to be determined by a jury to compensate them for their damages and specifically request the following:

a) That this Court, as soon as practicable, certify the Class and appoint the undersigned to represent it;

b) That this Court award damages in an amount to be determined by a jury,

including reimbursement of the value of all dues paid during the conspiracy period by AFSCME 31 membership who were or are IDOC employees;

c) That this Court grant any injunctive relief it determines is necessary to protect the claims of the plaintiffs and the class;

d) That this Court award plaintiffs and the Class any additional damages it determines are reasonable and appropriate as compensatory damages, punitive damages, and interest;

e) That this Court award reasonable attorney fees, costs and expenses, and expert witness fees; and

f) That this Court award whatever additional monetary relief that may be available in law and equity.

## COUNT II – BREACH OF THE DUTY OF FAIR REPRESENTATION UNDER THE LMRA

51. Plaintiffs incorporate and restate the preceding paragraphs as if set forth fully in Count II of their Complaint.

52. Defendant AFSCME 31 has a duty to fairly represent all of its union members under its Constitution and the LMRA.

53. AFSCME 31 breached its duty of fair representation when it combined with the IDOC to allow, if not encourage, the discrimination against the Plaintiffs due to their affiliations within Local 3436.

54. As a direct result of direct result of Defendant, AFSCME 31's breach of its duty of fair representation, Plaintiffs have suffered substantial and permanent damages.

9

WHEREFORE, plaintiffs, on behalf of themselves and others similarly situated, respectfully request that a money judgment be entered against defendants, jointly and severally, or by statutory apportionment, for an amount to be determined by a jury to compensate them for their damages and specifically request the following:

a) That this Court, as soon as practicable, certify the Class and appoint the undersigned to represent it;

b) That this Court award damages in an amount to be determined by a jury, including reimbursement of the value of all dues paid during the conspiracy period by AFSCME 31 membership who were or are IDOC employees;

c) That this Court grant any injunctive relief it determines is necessary to protect the claims of the plaintiffs and the class;

d) That this Court award plaintiffs and the Class any additional damages it determines are reasonable and appropriate as compensatory damages, punitive damages, and interest;

e) That this Court award reasonable attorney fees, costs and expenses, and expert witness fees; and

f) That this Court award whatever additional monetary relief that may be available in law and equity.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: ***/s/ Luke A. Casson***
        Luke A. Casson

Luke A. Casson
Andreou & Casson, Ltd.
Attorneys for Plaintiffs
661 West Lake Street, Suite 2 North
Chicago, Illinois 60661
Main: 312.935.2000
lcasson@andreou-casson.com